# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AMERICAN NEIGHBORHOOD MORTGAGE ACCEPTANCE COMPANY, LLC b/b/a ANNIEMAC HOME MORTGAGE, <br><br> *Plaintiff,* <br><br> v. <br><br> MONA LEE EDICK, DESPINA NOVAKIDOU and STACEY LEMMAGE, <br><br> *Defendants.* | : <br> : <br> : <br> : <br> : **Civil Action No. 1:25-cv-01563-RMB-SAK** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

**THE CHILLA BUSINESS COUNSEL, LLC**
268 South Street
Morristown, NJ 07960
(973)660-1095
*Attorneys for Defendants*

James T. Prusinowski, Esq. (0729)
jprusinowski@chillalegal.com
    Of Counsel and On the Brief

Brittany R. Naimoli, Esq. (0101)
bnaimoli@chillalegal.com
    On the Brief

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS .....................................................................................1

STANDARD OF REVIEW .....................................................................................3

LEGAL ARGUMENT .............................................................................................4

   POINT I..................................................................................................................4
   STACEY LEMMAGE HAS NOT BEEN SERVED WITH THE COMPLAINT
   SO SHE SHOULD BE DISMISSED FROM THE CASE AND REGARDLESS
   OF WHETHER SERVICE IS PERFECTED, NEITHER DESPINA
   NOVAKIDOU NOR LEMMAGE ARE SUBJECT TO NEW JERSEY
   PERSONAL JURISDICTION.

   POINT II ...............................................................................................................8
   THE CLAIM OF FRAUD, COUNT III, MUST BE DISMISSED BECAUSE
   PLAINTIFF FAILS TO SET OUT FACTS FOR WHICH RELIEF CAN BE
   GRANTED.

   POINT III .............................................................................................................13
   PURSUANT TO FRCP 12(f), COUNT III SHOULD BE STRIKEN FROM
   THE PLEADING AND PUBLIC RECORD AS IT IS SCANDALOUS AND
   IMPROPERLY TARNISHES DEFENDANTS' REPUTATION.

   POINT IV .............................................................................................................15
   THE CONSPIRACY CLAIM, COUNT IV, MUST BE DISMISSED
   SINCETHE FRAUD CLAIM, WHICH IS ITS BASIS, SHOULD BE
   DISMISSED AND THE COURT DOES NOT HAVE JURISDICTION OVER
   TWO OF THE ALLEGED THREE CO-CONSPIRATORS.

CONCLUSION ......................................................................................................17

# **TABLE OF AUTHORITIES**

## **Cases**

Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565 (3d Cir. 1996)................................5

Beck v. Prupis, 529 U.S. 494 (2000) ......................................................................16

Citizens United Reciprocal Exch. v. Meer, 321 F. Supp. 3d 479 (D.N.J. 2018) .......8

Davis v. Wells Fargo, 824 F.3d 333 (3d. Cir. 2016) .................................................3

Display Works, LLC v. Bartley, 182 F. Supp. 3d 166 (D.N.J. 2016) ........................5

DiVittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242 (2d Cir. 1987)....9

Gennari v. Weichert Co. Realtors, 148 N.J. 582 (1997).............................................8

In re Burlington Coat Factory Sec. Litig, 114 F.3d 1410 (3d Cir. 1997)..................9

Institutional Investors Grp. v. Avaya, Inc., 564 F.3d 242 (3d Cir. 2009)..................9

Karo is to Board of Educ., Asbury Park v. Hoek, 38 N.J. 213 (1962) ....................15

Lum v. Bank of Am., 361 F.3d 217 (3d. Cir. 2004)...................................................9

Mallory v. Norfolk Southern Ry., 600 U.S. 122 (2022) ............................................6

McLaughlin v. Rosanio, Bailets & Talamo, 331 N.J. Super 303 (App. Div. 2000) 14

Morganroth v. Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406
    (3d Cir. 2003)....................................................................................................16

Murphy v. Eisai, Inc., 503 F. Supp. 3d 207 (D.N.J. 2020). ..................................6, 7

Naylor v. Harkins, 27 N.J. Super. 594 (Ch. Div. 1953).........................................15

O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312 (3d Cir. 2007) ...........................6

Ross v. Bolton, 904 F.2d 819 (2d Cir. 1990) ............................................................8

Seville Industrial Machinery Corp. v. Southmost Machinery Corp. 742 F.2d 786
    (3d. Cir. 1984)....................................................................................................9

State Capital Title & Abstract co v. Pappas Bus. Servs., LLC, 646 F. Supp. 2d 668
    (D.N.J. 2009).......................................................................................................9

Stern v. Leucadia National Corp., 844 F.2d 997 (2d Cir.).......................................8

U.S. v. Davis, 183 F3d 231 (3d Cir. 1999) .............................................................16

## **Rules**

FRCP 12(b)(2) ......................................................................................................1, 3

FRCP 12(b)(4). ..........................................................................................................5

FRCP 12(b)(6) ......................................................................................................1, 3

FRCP 12(f) ...............................................................................................i, 1, 13, 17

FRCP 4(m)..................................................................................................................4

FRCP 9 .............................................................................................................passim

ii

**PRELIMINARY STATEMENT**

Mona Edick ("Edick"), Despina Novakidou ("Novakidou"), and Stacey Lemmage ("Lemmage"), move to partially dismiss American Neighborhood Mortgage Acceptance Company LLC d/b/a/ AnnieMac's ("Plaintiff," "AnnieMac," or "Company"), Complaint. Specifically, the Defendants move to dismiss the following: Defendants Novakidou and Lemmage under FRCP 12(b)(2) due to lack of personal jurisdiction; pursuant to 12(b)(6) Count III (Fraud) because Plaintiff fails to set out the alleged fraud claim with specificity as required by FRCP 9(b); pursuant to FRCP 12(f) strike the fraud claim from the record as being scandalous; and pursuant to FRCP 12(b)(6) Count IV, Conspiracy, because once the fraud claim is dismissed no conspiracy to commit fraud can stand and without any supposed conspirators as parties, once Novakidou and Lemmage are dismissed for lack of personal jurisdiction, Plaintiff cannot establish that a conspiracy occurred.

**STATEMENT OF FACTS**

According to the Complaint, which was filed of February 28, 2025, Edick was hired by AnnieMac on February 1, 2024, as an Originating Regional Manager for the Florida and Minnesota branches.[1] (Complaint, ¶1). Edick's duties included the origination of mortgage loans and the supervision and management of other loan

---

[1] While not pled, neither the Florida nor Minnesota branches existed prior to Edick commencing work with AnnieMac; rather, she founded the branches and oversaw their operations.

originators and staff at each branch. (Complaint, ¶20). On February 1, 2024, Novakidou and Lemmage, were also hired to work for AnnieMac. Novakidou was hired as a Loan Partner II for the Florida branch, and Lemmage was hired as a Loan Processor for the Minnesota branch. (Complaint, ¶¶16-17, 20).

Plaintiff alleges that as a result of an audit it determined that the three Defendants engaged in various acts of fraud, (see, Complaint ¶¶28a-28f), which the Complaint goes on to "describe" in general vague terms. (Complaint, ¶¶ 31-41). Without specifics as to the alleged fraud, Plaintiff alleges that it incurred significant liability because it was required to repurchase the allegedly fraudulent loans from investors. (Complaint, ¶ 45). Plaintiff also claims that its reputation has been harmed. (Complaint, ¶46).

Plaintiff alleges that on November 14, 2024 it terminated Edick for cause because of her fraudulent and otherwise unlawful conduct. (Complaint, ¶48). Novakidou and Lemmage were terminated shortly after on November 18, 2024, allegedly due to them not following Company policy and industry standards. (Complaint, ¶49).

The Defendants vehemently deny the claim that they engaged in any improper, let alone fraudulent, activity. Rather, Defendants maintain that all of the applications that were submitted were complete and accurate and the information submitted in the loan applications were supported by appropriate documentation. It

2

is further submitted that Plaintiff cannot support its allegations with specific facts as it does not have specific facts for its claims; rather, it has filed this case as a strike suit for nefarious purposes to harm Defendants' reputation as when Edick left the company one of Plaintiff's largest producer was lost costing it significant future revenues due to lost future sales and by harming Edick's reputation, it hopes that she will not be able to be a significant producer for a future employer/Plaintiff competitor.

## STANDARD OF REVIEW

A complaint must be dismissed if a plaintiff fails to state a cause of action to which relief can be granted. FRCP 12(b)(6). When deciding a motion to dismiss, the court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." Davis v. Wells Fargo, 824 F.3d 333, 341 (3d. Cir. 2016).

When a court does not have jurisdiction over a party that party should be dismissed due to lack of personal jurisdiction. FRCP 12(b)(2).

In this case, all counts brought against Novakidou and Lemmage must be dismissed because New Jersey Courts do not have personal jurisdiction over either of them. Also, Counts III and IV of the Complaint must be dismissed, as Plaintiff fails to set forth a claim upon which relief may be granted because it did not provide

3

specific factual assertions regarding alleged fraudulent loans and upon Novakidou and Lemmage being dismissed for lack of personal jurisdiction, Plaintiff cannot show that a conspiracy was committed. Finally, the fraud claim should be stricken from the pleading as a scandalous pleading.

## LEGAL ARGUMENT

### POINT I

**STACEY LEMMAGE HAS NOT BEEN SERVED WITH THE COMPLAINT SO SHE SHOULD BE DISMISSED FROM THE CASE AND REGARDLESS OF WHETHER SERVICE IS PERFECTED, NEITHER DESPINA NOVAKIDOU NOR LEMMAGE ARE SUBJECT TO NEW JERSEY PERSONAL JURISDICTION.**

Defendant Stacey Lemmage is a Minnesota resident, while named in the Complaint, which was filed on February 28, 2025 has not been served. A named defendant must be served with the complaint within 90-days of it being filed or, unless good cause is shown, the named defendant must be dismissed without prejudice. FRCP 4(m). In this case, Plaintiff has not filed a certification of service to show Lemmage has been served. In fact, she has not been served (Lemmage Cert., ¶ 5). Plaintiff cannot show good cause why service has not been effectuated. Since Plaintiff if Lemmage's former employer, it is aware of where she resides and, if it had proceeded appropriately, would have perfected service within the 90-day prior

4

provided by rule. Therefore, Lemmage should be dismissed for failure to provide appropriate service.[2] FRCP 12(b)(4).

This Court does not have personal jurisdiction over Novakidou or Lemmage. Novakiduo is domiciled in Florida and was hired to work for AnnieMac's Florida branch. (Complaint, ¶¶ 7 & 20). Lemmage is domiciled in Minnesota and was hired to work for AnnieMac's Minnesota branch. (Complaint ¶¶ 9 & 20). Neither party has ties to New Jersey sufficient to warrant general jurisdiction of them, nor did any of the actions occur in New Jersey such that there is specific jurisdiction as neither worked in New Jersey as AnnieMac employees.

New Jersey may only assert personal jurisdiction over an individual if there is general or specific jurisdiction regarding them.

General jurisdiction exists when the cause of action is unrelated to a defendant's conduct within the forum state. Display Works, LLC v. Bartley, 182 F. Supp. 3d 166, 173 (D.N.J. 2016). For general jurisdiction, the contact with the forum state must be "so continuous and systemic" as to justify subjecting the defendant to that state's jurisdiction. Id. This means that the party is "at home" in the state, this is typically an individual's domicile. Mallory v. Norfolk Southern Ry., 600 U.S. 122,

---

[2] In the event Lemmage is not dismissed for failure to provide service or for lack of personal jurisdiction, Lemmage does not waive service. Being aware of the case does not substitute for appropriate service. See, Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996). In fact the defense of insufficient service of process is not waived because it appeared in the case, engaged in discovery, attended scheduling conferences and consented to the fling of an amended pleading. See, Id,

165 (2022). Absent an exceptional circumstance, general jurisdiction is "cabined" in an individual's domicile. Id.

On the other hand, if the cause of action arises directly out of a defendant's contacts with the forum, then specific jurisdiction will apply. O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 323 (3d Cir. 2007). For the court to determine whether a defendant could have reasonably anticipated to be hauled into court, the court examines three factors: first, an individual must purposefully direct her activities in the forum state; second, the cause of action must "arise out of or relate to" one of the activities which she has directed her activities; and third, if the first and second requirements are met, then the court will determine if the exercise of jurisdiction "comports with fair play and substantial justice." Id.; Murphy v. Eisai, Inc., 503 F. Supp. 3d 207, 222 (D.N.J. 2020).

For instance, in Murphy, the complaint cited a conclusory venue allegation that the facts arose in New Jersey, however the Court determined otherwise. Id. The employee/defendant worked in the United Kingdom for the employer/plaintiff; his workstation was in the UK; the issue surrounding the cause of action was in the UK, and his services were terminated from the UK Branch. Id.  None of the Defendant's activities which allegedly gave rise to the cause of action occurred in New Jersey. Therefore, the court concluded that there was no specific jurisdiction over the Defendant.

6

Similarly, New Jersey does not have personal jurisdiction over either Novakidou or Lemmage as they do not meet the required standard for either general or specific jurisdiction. The Complaint specifically states that Novakidou is domiciled in Florida and Lemmage is domiciled in Minnesota. (Complaint, ¶¶ 7 & 9). Thus, there is no general jurisdiction over either of them in New Jersey.

Further, the Complaint provides that each were engaged in work in Florida and Minnesota respectively. (Complaint ¶20) Nowhere in the Complaint does AnnieMac allege that any activity supposedly giving rise to the claims occurred in New Jersey. Thus, there is no allegation to show that New Jersey has specific jurisdiction over either party.

Although AnnieMac is domiciled in New Jersey, with multiple branches throughout the country, this does not confer jurisdiction over its employees in the state in which the business is domiciled. Rather, as was the case in Murphy, while the business is located in New Jersey, the employees are not subject to jurisdiction merely by way of where their employer is domiciled. Absent specific actions giving rise to jurisdiction being appropriate in New Jersey, none of which has been alleged, Novakidou and Lemmage must be dismissed from the case.

Therefore, based on the fact that Novakidou and Lemmage are not domiciled in New Jersey, and the alleged events did not occur in New Jersey, both must be dismissed for lack of personal jurisdiction.

## POINT II

### THE CLAIM OF FRAUD, COUNT III, MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO SET OUT FACTS FOR WHICH RELIEF CAN BE GRANTED.

Count III of the Complaint alleges fraud, but Plaintiff fails to plead the claim with sufficient specificity to meet FRCP 9 requirements; therefore, leaving Defendants guessing as to what specific actions Plaintiff claims were fraudulent. (Complaint, ¶¶ 31 – 41).

In order for a Plaintiff to establish common-law fraud, a plaintiff must prove: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person relied upon it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. Citizens United Reciprocal Exch. v. Meer, 321 F. Supp. 3d 479, 489 (D.N.J. 2018); (citing, Gennari v. Weichert Co. Realtors, 148 N.J. 582 (1997)).

All allegations of fraud require a party to state with particularity the circumstances constituting it. FRCP 9(b). The purpose of Rule 9(b) is threefold -- it is designed to provide a defendant with "precise misconduct" that she is being charged with, to safeguard a defendant's reputation from "improvident charges of wrongdoing," and to protect a defendant against the institution of a strike suit. See, Ross v. Bolton, 904 F.2d 819, 823 (2d Cir. 1990); Stern v. Leucadia National Corp., 844 F.2d 997, 1003 (2d Cir.); DiVittorio v. Equidyne Extractive Industries, Inc., 822

8

F.2d 1242, 1247 (2d Cir. 1987); Humana, Inc. v. Indivior, Inc., 2022 U.S. App. LEXIS 34754, *8 (3d Cir. 2022); State Capital Title & Abstract co v. Pappas Bus. Servs., LLC, 646 F. Supp. 2d 668, 681 (D.N.J. 2009). The heightened pleading standard for Rule 9(b) protects defendants from tarnished reputations and reduces the number of frivolous claims. In re Burlington Coat Factory Sec. Litig, 114 F.3d 1410, 1418 (3d Cir. 1997). Although the rule has been relaxed over the years, the factual information must still be "peculiarly within the defendant's knowledge or control." Id.

To satisfy FRCP 9, a plaintiff must "plead the who, what, when, where and how: the first paragraph of any newspaper story." Institutional Investors Grp. v. Avaya, Inc., 564 F.3d 242, 253 (3d Cir. 2009) (internal quotation marks omitted). A plaintiff may do this by "injecting precision and some measure of substantiation in their allegations of fraud." Seville Industrial Machinery Corp. v. Southmost Machinery Corp. 742 F.2d 786, 791 (3d. Cir. 1984); Lum v. Bank of Am., 361 F.3d 217, 224 (3d. Cir. 2004). For instance, in Seville, the court held that the plaintiff had satisfied Rule 9(b) by identifying five pieces of equipment which were the cause of the alleged fraudulent transactions, as well as the nature of the alleged misrepresentations, and the nature and subject of the misrepresentation. Seville, 742 F.2d at 791. However, in contrast, the court in Lum, held that general claims of misrepresentations are not enough to satisfy Rule 9(b). Lum, 361 F.3d at 225.

In this case, Plaintiff failed to provide the specifics which would be required of the first paragraph of a newspaper article as the Plaintiff does not indicate the "date, time or place of the alleged misrepresentations, the financial transactions in connection with which these misrepresentations were made, or who made the misrepresentations to whom." Id. Instead, Plaintiff simply states "in the case of one loan application;" "regarding another loan application;" and other general statements to make its claim. By merely using these general assertions the Rule has not been satisfied.

More specifically, Plaintiff claims Defendants submitted loan applications with false information regarding the applicants' employment and income. (Complaint, ¶¶ 31-41). In this allegation there is no information as to what loan applications, who the applicants were, when the loan applications were submitted, what employment information was accurate opposed to what was supposedly put on the application, nor is there information as to what income information was accurate as opposed to what was submitted in the application. Most importantly, there is no indication of what knowledge any Defendant had that the information, if it was inaccurate, was inaccurate. Therefore, there is no showing that Defendant knowingly provided false information with the intention that AnnieMac would rely upon the information to its detriment.

10

Plaintiff also claims Defendants coached or assisted borrowers in misrepresenting their income, by amending their tax returns, assets, and employment, by supposedly having them claim that they worked for bogus or dubious family businesses rather than report their self-employment. (Complaint, ¶28d-e). As with the other claims, there is no information as to what loans, which applicants, when the events supposedly occurred, and what specifically the Defendants told the applicants.

Plaintiff further claims Defendants (apparently by engaging in the foregoing activities) knowingly received and submitted to AnnieMac underwriting department false documentation regarding borrower income, assets, and employment. (Complaint, ¶28c). First it is not clear that this claim is different and unique to the prior claims for which there is no information as to which loans, who the applicants supposedly were, when the applications were allegedly prepared and submitted or how Defendants had knowledge that the information was inaccurate such that they intended the underwriting department, which likely did its own due diligence prior to approving a loan, to rely upon the misinformation.

Finally, Plaintiff claims that Defendants personally or instructed other employees to delete and conceal accurate information regarding loan applications that originated while Edick worked with AnnieMac. (Complaint, ¶28f). This again fails to provide any specificity to place Defendants on notice of what information or

11

loan applications allegedly were deleted from the computer system, which employees were supposedly instructed to engage in this activity, when this supposedly occurred, how it was determined that Defendants had any knowledge in or involvement with these alleged activities.

In short, none of these allegations provide sufficient information for Defendants to know the who, what, where, when or why of the allegations. This has precluded Defendants from engaging in any level of investigation into the allegations or to understand what the basis of the claims are. Rather, the vague allegations lead Defendants to believe that this is merely an attempt to tarnish their reputation by putting vague allegations into a public document in hopes of a quick settlement, which is the definition of a strike suit.

The Defendants vehemently deny any claim that they did anything improper let alone engaged in fraudulent activities. Nonetheless, without any specific facts or circumstances, the Plaintiff have leveled serious allegations and precluded Defendants from bring forth information at an early stage of this litigation to disprove them as the Defendants have no knowledge of what the claims are based upon.

Plaintiff's failure to meet the standards for FRCP 9, requires that the count be dismissed.

## POINT III

### PURSUANT TO FRCP 12(f), COUNT III SHOULD BE STRIKEN FROM THE PLEADING AND PUBLIC RECORD AS IT IS SCANDALOUS AND IMPROPERLY TARNISHES DEFENDANTS' REPUTATION.

Plaintiff has insufficiently pled fraud as required by FRCP 9. Accordingly, Defendants have requested that the count be dismissed. Even if the count is dismissed, the public filing remains available for public view and access. These unsubstantial claims, especially considering the gravity of the claims, can and likely will have a lasting negative impact on Defendants personally and professionally. A such, the pleading should be stricken pursuant to FRCP 12(f).

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before or responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. FRCP 12(f).

The fraud claim goes to the heart of the Defendants' professional activities. In fact, it is their former employer who has brought the claims and alleges that they engaged in knowingly manipulating information in loan applications to defraud the Company and those purchasing the loans. In another context, these allegations would amount to defamation *per se*. See, McLaughlin v. Rosanio, Bailets & Talamo, 331

13

N.J. Super 303, 314 (App. Div. 2000) (noting that a statement providing that someone is engaging in conduct or has a condition or trait incompatible with his or her business constitutes defamation *per se*.) Since the Plaintiff has failed to plead Count III sufficient to meet FRCP 9, the count should be stricken from the pleading in order to protect the Defendants' reputation and protect them from ongoing damage the unsupported allegation will likely result in. If the information is left unstricken, then the information remains available to the public via the public filing for the indefinite future and can cause insurmountable professional harm. For instance, many individuals may refuse to do business with the Defendants after performing a cursory Google search and finding these allegations notwithstanding Plaintiff's failure to sufficiently plead the claims and Defendants' vehement denial of the claims. Similarly, future employers may refuse to hire the Defendants on account of the gravity of the allegations.

In effect, Plaintiff, by submitting the unsubstantiated claims, have rung a bell that improperly tarnishes the Defendants' personal and professional reputation which Defendants cannot unring without aid of the Court in striking the pleading.

## POINT IV

**THE CONSPIRACY CLAIM, COUNT IV, MUST BE DISMISSED SINCETHE FRAUD CLAIM, WHICH IS ITS BASIS, SHOULD BE DISMISSED AND THE COURT DOES NOT HAVE JURISDICTION OVER TWO OF THE ALLEGED THREE CO-CONSPIRATORS.**

The Fraud claim must be dismissed for failure to be properly pled. (See, Point II). Without the fraud claim, there can be no conspiracy, and this count too must be dismissed. Further, there is no personal jurisdiction over Novakidou or Lemmage. (See, Point I). Upon these Defendants being dismissed, Defendant Edick is the sole defendant in this case. As there is no jurisdiction over more than one of the alleged co-conspirators, and Edick could not have conspired with herself to engage in any of the alleged activities; therefore, Count IV of the Complaint, alleging Conspiracy, must be dismissed.

A civil conspiracy requires a (1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages. Naylor v. Harkins, 27 N.J. Super. 594, (Ch. Div. 1953). "The gravamen of an action in civil conspiracy is not the conspiracy itself but the underlying wrong which, absent the conspiracy, would give a right of action. Proof of a conspiracy makes the conspirators jointly liable for the wrong and resulting

15

damages." <u>Karo is to Board of Educ., Asbury Park v. Hoek</u>, 38 N.J. 213 (1962). Not every conspirator must commit an overt act in furtherance of the conspiracy, so long as at least one does. <u>See</u>, <u>Beck v. Prupis</u>, 529 U.S. 494, 503 (2000). However, if a conspirator does commit an overt act in furtherance of the conspiracy, then each of the conspirators can be held jointly liable. <u>See</u>, <u>Morganroth v. Morganroth v. Norris, McLaughlin & Marcus, P.C.</u>, 331 F.3d 406, 414-415 (3d Cir. 2003).

The conspiracy claim in this case was to commit fraud. Since the fraud claim, Count III, must be dismissed for failure to plead it with specificity, the conspiracy claim must likewise fail as if the underlying tort cannot be established. Therefore, there cannot be a conspiracy to commit fraud.

Additionally, since two of the conspirators are not subject to the jurisdiction of this Court, no liability can be imputed upon them. Also, a person cannot conspire with themselves. <u>See</u>, <u>U.S. v. Davis</u>, 183 F3d 231, 243 (3d Cir. 1999). Thus, there is no claim that can be maintained against Edick alone, and even if a conspiracy was shown, no liability can be imputed upon two people who are not parties to the litigation due to lack of personal jurisdiction.

Accordingly, Count IV, Conspiracy, should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Novakidou and Lemmage should be dismissed for lack of personal jurisdiction over them; Count III, Fraud, has been insufficiently pled as required by FRCP 9 and should be dismissed; Count III should be stricken from the record pursuant to FRCP 12(f); and Count IV, Conspiracy, should be dismissed since none of the alleged conspirators are party to this case.

Respectfully submitted,
**THE CHILLA BUSINESS COUNSEL, LLC**

s/ *James Prusinowski*

James T. Prusinowski, Esq. (JP0729)
jprusinowski@chillalegal.com
268 South Street
Morristown, NJ 07960
*Attorneys for Defendants*

Date: May 13, 2025

17