

**James T. Prusinowski**
*Partner*
jprusinowski@chillalegal.com
268 South Street
Morristown, NJ 07960
P: 973.660.1095 x170

March 5, 2026

**Via ECF**
The Honorable Renee M. Bumb U.S.D.J
Chief, United States District Judge
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

**Re: AnnieMac v. Edick et al**
**Case No. 1:25-cv-01563-RMB-SAK**
**CBC File No. 25-022**

Dear Judge Bumb:

This firm represents Defendant Mona Edick in the above-referenced matter.[1] We write in response to Plaintiff's request to reopen and proceed with Count I of the First Amended Complaint, which concerns the alleged signing bonus. Defendant opposes Plaintiff's request.

The Court has scheduled this for a video conference on March 12th at 1:30. I am currently scheduled to be out of the office and out of the state the week of March 9, including March 12. I respectfully request that the conference be adjourned. Except for March 18 and afternoon of March 20, I am generally available for a conference the following week.

As to Plaintiff's request to reopen, the Court's August 13, 2025, Order was clear: Counts II, III, and IV of the First Amended Complaint (the fraud claims) are to proceed to arbitration pursuant to the parties' arbitration agreement, and Count I (the contract claim) is stayed pending the outcome of that arbitration. Among the reasons for the arbitrable claims being resolved prior to the contract claim being addressed is that Ms. Edick anticipated that defenses she has for the contract claim are intertwined in the issues to be presented to arbitration. The anticipated arbitration findings of fact could then be referenced and incorporated into Ms. Edick's defenses for the contract claim.

---

[1] In consultation with Plaintiff's counsel, it is our understanding that its request to reopen the contract claim relates only to Ms. Edick and the other Defendants would be dismissed; therefore, we are responding to the application only on behalf of Ms. Edick.

www.ChillaLegal.com

576 Fifth Ave Suite 903
New York, NY 10036
P: 212.226.6550

1700 Market Street Suite 1005
Philadelphia, PA 19103
P: 844.782.2179

The Honorable Renee M. Bumb U.S.D.J
March 5, 2026
Page 2 of 2

As Plaintiff notes, the parties engaged in some settlement discussions during which Defendants requested documentary support for Plaintiff's claims, but none was forthcoming. As a result, a global resolution could not be reached.

Now, seven months after the Court's order to submit arbitrable claims to arbitration, Plaintiff requests that it be allowed to proceed with the contract claim and reserve its ability to raise the arbitrable claims at some point in the future. As Plaintiff notes in its recent letter, the parties have already agreed upon an arbitrator. Plaintiff now seeks to depart from that process because it now says that its assessment of damages is not as great as it has initially anticipated and it does not want to advance the arbitration fees. In effect, Plaintiff is asking the Court to revisit its prior directive so that it can pursue the claims in whichever forum is most convenient at the moment. Defendant respectfully submits that there is no basis to do so.

If Plaintiff seeks to reopen the contract claim, then it must first comply with the Court's directive. To do so, if it chooses to abandon the arbitration, it should dismiss the arbitrable claims with prejudice. This will finalize that portion of the claim, fulfill the Court's order of concluding the arbitrable claims prior to addressing the contract claims. Deviating from the Court directed process and proceeding with the contract claim while reserving it's right to bring the arbitrable claims at some point in the future would preclude Ms. Edick from raising the intertwined issues in the arbitration prior to addressing the contract claim. In fact, under Plaintiff's proposal, she would have to defend against the contract claim and may later have to present defenses to the arbitrable claims sometime later thereby losing any preclusive effect the arbitration defenses may have on the contract claim.

For these reasons, if Plaintiff seeks to reopen the contract claim, in order to fulfill the Court's August 13, 2025 Order, Plaintiff must first dismiss the arbitrable claims with prejudice.

We thank Your Honor for her kind attention to this matter.

Sincerely,
THE CHILLA BUSINESS COUNSEL, LLC
S/ James Prusinnoski

James T. Prusinowski